### HELLINGER et al. v. MARSHALL.

(Supreme Court, Appellate Division, Fourth Department. March 8, 1904.)

1. ACTION ON CONTRACT—BREACH—EVIDENCE.
    In an action for the contract price, under a contract by which plaintiffs were to advertise by cuts defendant's hardware and bicycle business, defendant after a few months, up to which time only one of the cuts sent had represented the bicycle business, having given notice that he would not receive any more cuts, because they did not conform to the agreement, in that they only advertised the hardware business, defendant, to show that the failure to supply the cuts of his bicycle business was a material breach of the agreement, may prove that his bicycle business was larger than his hardware business.

2. APPEAL—OBJECTIONS NOT MADE BELOW.
    The County Court may not on appeal reverse the judgment of a justice's court on the ground that questions to witnesses were objectionable, they not having been open to the objections made to them before the justice.

3. SAME.
    Objection that the evidence as to breach of the contract sued on was not admissible under the answer, not having been made at the trial, may not be made on appeal.

Appeal from Wayne County Court.

Action by Paul Hellinger and another against Albert E. Marshall. From a judgment reversing a judgment of a justice's court, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

C. W. Knapp, for appellant.
C. P. Williams, for respondents.

SPRING, J. I think the judgment of the County Court should be reversed, and that of the justice affirmed.

The parties entered into a written agreement by which the plaintiffs were to advertise by cuts the hardware and bicycle business of the defendant. Four cuts were furnished gratuitously by the agent of the plaintiffs as samples. The hardware and bicycle business of the defendant were entirely distinct. Two of the cuts furnished represented the hardware business, and two the bicycle business. The plaintiffs, in pursuance of the contract, commenced to send the cuts, and continued to do so. Of these sent, by the stipulation of the parties it is conceded that only one represented the bicycle business of the defendant. After

a few months the defendant notified the plaintiffs that he would not receive any more of the cuts, because they did not conform to the agreement, in that they only advertised the hardware business. The plaintiffs sued to recover the contract price, and it was a question of fact for the jury to determine whether or not they were entitled to recover.

The defendant was claiming that there was a breach of contract, in that the cuts did not represent his bicycle business. The defendant was asked this question on the trial: "What was the largest share of your business in the village of Cazenovia?" This was objected to, and the witness was permitted to answer, and stated that it was the bicycle business. For this alleged error the county court has reversed the judgment of the justice's court in favor of the defendant. We think the evidence was competent. The defendant was seeking to show that the failure to supply cuts of his bicycle business was a material breach of the agreement, and, for the purpose of establishing that fact, it was competent to prove that his bicycle trade was an important feature of his business.

It is contended that there are other errors which justify the reversal, although not alluded to by the county judge. Upon the trial the defendant was asked, in substance, if he had paid the plaintiffs for the cuts received by him under the written contract. This was objected to upon the ground that it was incompetent, immaterial, and irrelevant. It was competent, material, and relevant to show payment. There was no objection that the question called for a conclusion, or that it was leading, and, of course, the present respondents are limited to the grounds which they interposed as objections to the question. Again, the defendant was asked if he had notified these plaintiffs that they had broken their contract. The same objections were interposed to this question. It was not objected that the notification was in writing, or that it was a conclusion.

Considerable space is taken up in the respondents' brief to show that the evidence relating to the breach of the contract was not admissible within the answer. This ground was not included among the objections upon the trial. So far as we are able to discover, the case involved a fair question of fact before the jury in the justice's court, and their conclusion ought not to be disturbed.

The judgment of the County Court is reversed, and that of the justice's court affirmed, with costs of this appeal and in the County Court to the appellant. All concur.