## CARLISLE v. BARNES.

(Supreme Court, Appellate Division, First Department. March 24, 1905.)

1. ATTORNEYS—RETAINER CONTRACT—ACTION—COMPLAINT—VARIANCE—AMENDMENT.

    The complaint alleged that the contract sued on was made in October, 1900, but the proof showed that it was made in February, 1901. The terms and conditions of the contract proved were the same as those alleged, and, on plaintiff's application to amend to conform to the proof being objected to, the court asked defendant's counsel if he would say to the court that the allowance of the amendment surprised him so that he would not be able to produce evidence which otherwise he would have been able to produce, and, counsel refusing to make such statement, the court allowed the amendment. *Held*, that the variance was not such as to mislead the defendant, as required by Code Civ. Proc. § 539, and that the ruling was therefore not error.

2. SAME—JUDGMENT—VACATION—EXCUSABLE NEGLECT.

    It appearing that defendant's rights were fully protected by his counsel, the latter's refusal to make the statement required by the court, as a condition to denying the amendment, did not entitle defendant to a vacation of the judgment under Code Civ. Proc. § 724, authorizing the court to set aside a judgment taken against defendant through his mistake, inadvertence, surprise, or excusable neglect.

Appeal from Trial Term, New York County.

Action by John G. Carlisle against Reon Barnes. From an order denying a motion to vacate a judgment in favor of plaintiff, and denying a new trial (90 N. Y. Supp. 810), defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

H. M. Hitchings, for appellant.
A. G. Fox, for respondent.

PATTERSON, J. This appeal is from an order denying a motion to vacate and set aside a judgment entered in favor of the plaintiff on the verdict of a jury, and also denying a motion for a new trial of the action. The ground upon which the motion was based, as appears from the order appealed from, is that the judgment "was taken against the defendant through his mistake, inadvertence, surprise, and excusable neglect." There is nothing irregular in the judgment. It was entered as of right, but the real ground of the defendant's application is that, on the trial of the action, the plaintiff was allowed to amend his complaint and substitute a cause of action different from that alleged in the complaint. The matter was brought up on the record on appeal from the judgment, but, as the defendant has thought proper to make his special motion under section 724 of the Code of Civil Procedure, we have considered it separately. That section relates to relieving a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. Assuming that a mo-

tion of this character can be made under that section, it is quite apparent that the only claim to relief relates to the ruling of the court upon the trial. There was no surprise, no mistake, and no inadvertence in any way connected with the action through its progress; and, if excusable neglect is relied upon, then that relates only from what took place at the trial. The action was brought to recover damages for the breach of a contract. It was stated in the complaint that the contract was made in October, 1900, but it appeared in evidence that it was really made in February, 1901. When the proof was in, the court below, under the objection and exception of the defendant, allowed an amendment of the complaint. It is now contended by the defendant that the allowance of this amendment was, in effect, the substitution of a new cause of action, and that the defendant was surprised and misled, and that the counsel who then represented the defendant did not sufficiently protect the rights of his client. There was no material variance between the allegation of the complaint and the proof with respect to the contract sued upon. The amendment was merely to conform the complaint to the proof concerning the date at which the alleged contract was made. The terms and conditions of the contract were the same, whether it was made on one date or the other, and a material variance does not exist unless a party has been misled to his prejudice in maintaining his action or defense; and, if he has been misled, he must prove that fact to the satisfaction of the court, and also show the particulars in which he has been misled. Section 539, Code Civ. Proc. We see no reason why this verdict might not have been maintained without amendment of the pleading, under the circumstances disclosed by the record in connection with the application for leave to amend. The learned trial judge, having regard to the rule of law respecting variances, stated to the defendant's counsel that if he would say to the court that the allowance of the amendment changing the date from October, 1900, to February, 1901, surprised him so that he would not be able to produce evidence which otherwise he would have been able to produce, then a different ruling might be made. Thereupon the counsel for the defendant said, "I don't know that I ought to make that statement," but he did not categorically answer the interrogatory of the court, and it is manifest that he failed to put himself in such a position as required the court to deny the motion for an amendment. There is nothing whatever to criticise in the conduct of the counsel for the defendant on the trial. He protected the rights of his client in every legitimate way, and, if he could not take it upon himself to say that he was surprised or misled by the mere change of the allegation of the complaint as to the date, we are unable to see why he should be censured because of his refusal to deceive the court. There is no question of "excusable neglect" which would authorize the setting aside of the verdict. As far as we are able to gather from this record, there was no neglect at all in any matter connected with the trial, so far as the conduct of the defense is concerned.

The order appealed from should be affirmed, with costs. All concur.