John G. Carlisle, Respondent, *v.* Reon Barnes, Appellant. (No. 2.)

*Amendment on the trial as to the date of a contract stated in the complaint — motion to vacate a judgment as "taken against the defendant through his mistake," etc.— when properly denied.*

The complaint in an action brought to recover damages for the breach of a contract alleged that the contract in question was made in October, 1900, but it appeared upon the trial that it was really made in February, 1901. At the close of the evidence, the plaintiff made a motion to amend the complaint to conform to the proof by alleging that the contract was made in February, 1901. The defendant having objected to the allowance of the amendment, the court stated that if the defendant's counsel asserted that the allowance of the amendment would surprise him so that he would not be able to produce evidence which otherwise he might have been able to produce, then the amendment might be denied. The defendant's counsel replied: "I don't know that I ought to make that statement," and the court then allowed the amendment. The case was submitted to the jury and resulted in a verdict in favor of the plaintiff.

The defendant then made a motion under section 724 of the Code of Civil Procedure to vacate and set aside the judgment and for a new trial of the action, claiming that the judgment "was taken against the defendant through his mistake, inadvertence, surprise and excusable neglect."

*Held,* that assuming that the defendant's remedy under the circumstances was by a motion made under section 724 of the Code of Civil Procedure, the motion was properly denied.

Appeal by the defendant, Reon Barnes, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of August, 1904, denying the defendant's motion to vacate and set aside a judgment theretofore entered in the action upon the verdict of a jury in favor of the plaintiff, on the ground of mistake, inadvertence, surprise and excusable neglect.

*Hector M. Hitchings,* for the appellant.

*Austen G. Fox,* for the respondent.

PATTERSON, J. :

This appeal is from an order denying a motion to vacate and set aside a judgment entered in favor of the plaintiff on the verdict of a jury, and also denying a motion for a new trial of the action. The ground upon which the motion was based, as appears from the order appealed from, is that the judgment " was taken against the defendant through his mistake, inadvertence, surprise and excusable neglect."

There is nothing irregular in the judgment.  It was entered as of right, but the real ground of the defendant's application is that on the trial of the action the plaintiff was allowed to amend his complaint and substitute a cause of action different from that alleged in the complaint.  The matter was brought up on the record on appeal from the judgment, but as the defendant has thought proper to make his special motion under section 724 of the Code of Civil Procedure, we have considered it separately.  That section relates to relieving a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect.  Assuming that a motion of this character can be made under that section, it is quite apparent that the only claim to relief relates to the ruling of the court upon the trial.  There was no surprise, no mistake and no inadvertence in any way connected with the action through its progress, and if excusable neglect is relied upon, then that relates only to what took place at the trial.

The action was brought to recover damages for the breach of a contract.  It was stated in the complaint that the contract was made in October, 1900, but it appeared in evidence that it was really made in February, 1901.  When the proof was in, the court below, under the objection and exception of the defendant, allowed an amendment of the complaint.  It is now contended by the defendant that the allowance of this amendment was, in effect, the substitution of a new cause of action and that the defendant was surprised and misled, and that the counsel who then represented the defendant did not sufficiently protect the rights of his client.

There was no material variance between the allegation of the

complaint and the proof with respect to the contract sued upon. The amendment was merely to conform the complaint to the proof concerning the date at which the alleged contract was made. The terms and conditions of the contract were the same, whether it was made on one date or the other, and a material variance does not exist unless a party has been misled to his prejudice in maintaining his action or defense upon the merits; and if he has been misled he must prove that fact to the satisfaction of the court, and also show the particulars in which he has been misled. (Code Civ. Proc. § 539.) We see no reason why this verdict might not have been maintained without amendment of the pleading, under the circumstances disclosed by the record in connection with the application for leave to amend. The learned trial judge, having regard to the rule of law respecting variances, stated to the defendant's counsel that if he would say to the court that the allowance of the amendment changing the date from October, 1900, to February, 1901, surprised him so that he would not be able to produce evidence which otherwise he would have been able to produce, then a different ruling might be made. Thereupon the counsel for the defendant said, " I don't know that I ought to make that statement," but he did not categorically answer the interrogatory of the court, and it is manifest that he failed to put himself in such a position as required the court to deny the motion for an amendment. There is nothing whatever to criticize in the conduct of the counsel for the defendant on the trial. He protected the rights of his client in every legitimate way, and if he could not take it upon himself to say that he was surprised or misled by the mere change of the allegation of the complaint as to the date we are unable to see why he should be censured because of his refusal to deceive the court. There is no question of· " excusable neglect " which would authorize the setting aside of the verdict. As far as we are able to gather from this record, there was no neglect at all in any matter connected with the trial so far as the conduct of the defense is concerned. ·

The order appealed from should be affirmed, with costs.

VAN BRUNT, P. J., O'BRIEN, HATCH and LAUGHLIN, JJ., concurred.

Order affirmed, with costs.