### CAHILL v. TORREY et al.

#### (Supreme Court, Appellate Term.   March 10, 1910.)

1. EVIDENCE (§ 263*)—ADMISSIONS—RIGHT TO EXPLAIN.
     A party has the right to explain his admissions, though made in a judicial proceeding.
     [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1022–1027; Dec. Dig. § 263.*]

2. TRIAL (§ 84*)—EVIDENCE—OBJECTIONS—SUFFICIENCY.
     An objection to a question as immaterial, irrelevant, and incompetent does not raise the point that the question calls for a conclusion.
     [Ed. Note.—For other cases, see Trial, Cent. Dig. § 214; Dec. Dig. § 84.*]

3. PLEADING (§ 235*)—AMENDMENTS—ALLOWANCE.
     An amendment to a pleading should be allowed, where the adverse party does not claim that he will be prejudiced or surprised.
     [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 235.*]

Appeal from City Court of New York, Special Term.

Action by Santiago P. Cahill, as receiver of the Why Dairy Lunch Company, against Charles H. Torrey and another, interpleaded by the Consolidated Gas Company of New York. From a judgment for plaintiff, adjudging the property in a fund on deposit with the chamberlain of the city of New York to be in plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Harry Cook (Nathan April, of counsel), for appellants.
Alva Collins, for respondent.

BIJUR, J.   This action was originally brought against the Consolidated Gas Company to recover gas rebates. The present defendants were interpleaded, and the money has been paid into court. Plaintiff claims that the right to rebates was assigned by the partnership of Torrey & Davis to the Why Dairy Lunch Company coincidently with an assignment of the business.

The only evidence of an assignment of the right to rebates accruing up to February 1, 1907, the date of the transfer of the business, was the admissions of the defendants in supplementary proceedings. The attempt by defendants to introduce in evidence two written assignments was successfully resisted by plaintiff, on the ground that they were signed only by E. H. Torrey as an individual. Evidence offered and questions asked for the purpose of showing that Torrey alone was in-

terested in the store, No. 2 Beekman street, were excluded on plaintiff's objection. Defendants had a right to explain their admissions. Certain questions directed to that end were, it is true, not quite admissible, as they called for conclusions; but the objection to these questions as immaterial, irrelevant, and incompetent does not raise the point that the questions called for a conclusion. Hellinger v. Marshall, 92 App. Div. 607, 86 N. Y. Supp. 1051.

As to the second cause of action, defendants' counsel moved to amend by changing the language of the answer from "and it [the new company] consumed and paid" to read "that it consumed and the defendants paid for the gas," etc. This motion to amend was denied on the objection of plaintiff's counsel; but the motion should have been granted, since plaintiff's counsel did not even claim that he would be prejudiced or surprised. Carlisle v. Barnes (No. 2) 102 App. Div. 582, 92 N. Y. Supp. 924.

Judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.