### BERNSTEIN v. FULLER'S EXPRESS CO.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

EVIDENCE (§ 263*)—ADMISSIONS—RIGHT TO EXPLAIN.

Where, in an action for the value of goods alleged to have been delivered by the plaintiff to the defendant, plaintiff placed in evidence, to show a delivery, admissions of the defendant's agent, a refusal to permit such agent to explain the admissions, by showing the circumstances under which they were made, was improper.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1022–1027; Dec. Dig. § 263.*]

Appeal from City Court of New York, Trial Term.

Action by Hyman Bernstein against Fuller's Express Company. From a judgment for plaintiff, and an order denying a motion for new trial, defendant appeals. Reversed, and new trial ordered.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Powers & Kaplan, of New York City (Abraham Kaplan, of New York City, of counsel), for appellant.

Henry Kuntz, of New York City (Abraham P. Wilkes, of New York City, of counsel), for respondent.

BIJUR, J. This action was brought to recover the value of goods claimed to have been delivered by plaintiff to defendant, and the only question litigated was whether there had been a delivery. Even a cursory examination of the record indicates that there was no proof of delivery.

Plaintiff was forced to rely upon admissions made by defendant's claim agent in two letters which he had written—one to the defendant's vice president and the other to the plaintiff. When the agent undertook to explain these admissions, by showing the circumstances under which they had been made, his evidence was excluded, on the objection of plaintiff's counsel, so that he was not permitted to tell of a prior telephone conversation with plaintiff, nor to put in evidence a waybill, which the witness swore he had before him at the time he wrote the letters. The bill was, however, marked for identification. It contains certain entries in such form that plaintiff's agent was, no doubt, misled into believing them to represent a shipment of the goods claimed to have been delivered by plaintiff, although it is evident that they referred to something else. The principle is well established that an admission may always be fully explained by the person against whom it is offered. See Cahill v. Torrey, 121 N. Y. Supp. 598, and cases there cited.

As there is no foundation for the verdict, other than these alleged admissions, and as defendant's witness should have been afforded ample opportunity to explain them, the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.